# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER REED, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-09-1618 |
| v. : | |
| : | (Judge Caputo) |
| CRAIG HARPSTER, *et al.*, : | |
| : | |
| Defendants : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Christopher Reed, an inmate presently confined at the Rockview State Correctional Institution (SCI-Rockview), Bellefonte, PA, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 relating to the events of July 25, 2008, when he was assaulted by his cellmate, Michael Lacava. Mr. Reed claims that despite Lacava's known history of resorting to violence if housed with another inmate, defendants failed to protect him from harm when they assigned Lacava to his cell. He also asserts that numerous defendants conspired to cover up Lacava's known history of violence, and the known threat he posed to Mr. Reed. The matter proceeds on an Amended Complaint (doc. 14) which was recently served on defendants who have not yet responded to it.

Presently before the Court is Mr. Reed's Motion for Counsel based on his indigent status and his belief that if this matter proceeds to trial he would be

precluded from attending due to his incarceration.  *Id*.  The motion will be denied without prejudice for the reasons that follow.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law."  *Montgomery*, 294 F.3d at 499.  For purposes of this motion, the Court will assume that Mr. Reed's case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

        1. The plaintiff's ability to present his or her own case;

        2. The difficulty of the particular legal issues;

> 3. The degree to which factual investigation will be
> necessary and the ability of the plaintiff to pursue
> investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her
> own behalf;
>
> 5. The extent to which a case is likely to turn on
> credibility determinations; and
>
> 6. Whether the case will require testimony from expert
> witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Mr. Reed's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. *Tabron*, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. He is clearly able to litigate this action on his own as evidenced by the docket in this case. He filed a detailed Complaint, and Amended Complaint, and has already posed a discovery request to defendants even before they have filed a response to the Amended Complaint. *See* Doc. 20. Further, while he argues his incarceration and indigent status will prevent him from representing himself in this matter, he operates under the same burden of most, if not all, incarcerated litigants. His concern that if this matter goes to trial he would be precluded from attending because he is an inmate is misplaced as inmates regularly appear before this Court. It cannot be said, at least at this point, that Christopher Reed will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct.

594, 30 L.Ed.2d 652 (1972), coupled with his apparent ability to litigate this action, weigh against the appointment of counsel at this time.  Accordingly, his pending motion will be denied without prejudice.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Mr. Reed.  An appropriate Order follows.

Accordingly, this  15th  day of July, 2010, it is ordered that Christopher Reed's motion for counsel (doc. 21) is denied without prejudice.

                                            **/s/ A. Richard Caputo**
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**