## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER REED, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-09-1618 |
| | : (Judge Caputo) |
| CRAIG HARPSTER, *et al.*, | : |
| Defendants | : |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Christopher Reed, an inmate presently confined at the Rockview State Correctional Institution (SCI-Rockview), Bellefonte, PA, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 relating to the events of July 25, 2008, when he was assaulted by his cellmate, Michael Lacava. Mr. Reed claims that despite Lacava's known history of resorting to violence if housed with another inmate, defendants failed to protect him from harm when they consciously disregarded the danger presented by Lacava and housed him with Plaintiff. (Doc. 14, Am. Compl.) All Pennsylvania Department of Corrections (DOC) defendant, with the exception of Unit Manager Harpster, have filed a Motion to Dismiss the Amended Complaint. (Doc. 26, Mot. to Dismiss.) As Mr. Reed has responded to that motion, it is now ripe for consideration and will be addressed under separate cover at the Court's convenience. Defendant Harpster has filed an Answer to the Amended Complaint. (Doc. 25.)

Presently before the Court is Mr. Reed's third motion for appointment of Counsel. (Doc. 36.) Plaintiff seeks counsel on the basis that: (1) defense counsel has not been communicating with him, thus forcing him to address one of the defendants to learn what is going on in the case; and (2) defendants' failure to properly respond to his request for production of documents. *Id*. For the reasons that follow, Mr. Reed's third motion for appointment of counsel will be denied.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Congress has granted district courts discretion pursuant to 28 U.S.C. § 1915(e)(1) to seek representation for an indigent plaintiff. The appointment of counsel is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499. Next, if plaintiff's claims meet this threshold review, other non-exclusive factors to be examined are:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;

>    5. the extent to which a case is likely to turn on credibility determinations, and;
>    6. whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499, citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993).

Clearly Mr. Reed does not suffer from any mental of physical impairment that would prevent him from communicating with this Court or defense counsel. His filings demonstrate his access to legal research materials and an adequate ability to present well reasoned arguments. To the extent he is concerned that defense counsel has not been communicating with him as to his case status, that is not the obligation of defense counsel. However, it is defense counsel's obligation to respond to properly posed discovery. If Plaintiff is dissatisfied with defendants' discovery responses, he needs to file a properly supported motion to compel pursuant to Fed. R. Civ. P. 37(a). To date, there is no such motion pending before the Court. With that being said, it is noted that on September 7, 2010, Mr. Reed filed a Petition and Demand for the Production of Documents. Doc. 31. However, that document was not filed as a motion. Also, there is no certificate of service attached to the document indicating that it was served on defense counsel. Defendants do not have an obligation to respond to documents that are not served on them. Likewise, where there is no motion or discovery dispute, the Court will not intervene. Nonetheless, it appears from the review of Plaintiff's Petition and Demand for the Production of Documents (doc. 31) that defendants responded to Mr. Reed's request for production of documents and directed him to contact the

appropriate individuals at the institution to review the requested documents. *Id*. The person he must schedule a time to review the documents has no obligation to review them "with him". Likewise, defendants are not obligated to provide him with *gratis* copies of requested discovery documents. Mr. Reed is required to bear the costs associated with his discovery efforts. See [Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993)](#), (There "is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.") Pro se, as well as counseled parties, are encouraged to attempt to resolve discovery disputes prior to filing a motion to compel with the Court. If Mr. Reed is encountering difficulties in obtaining cooperation from institutional staff in scheduling an opportunity to review the requested documents, he should first attempt to contact defense counsel and advise him/her of the problem. If that does not resolve the matter, Mr. Reed is free to file a properly supported motion to compel pursuant to [Fed. R. Civ. P. 37(a)](#), complete with the appropriate certificate of service. If Plaintiff does not serve defense counsel with documents suggesting there is a discovery problem, he cannot decry that defense counsel has not made an effort to resolve them. In sum, contrary to Mr. Reed's conclusions in his motion for appointment of counsel, this Court nor defense counsel, has failed to respond to his challenge concerning defendants' August discovery responses. At this juncture, Mr. Reed's unsupported claim of defendants' discovery abuses do not merit appointment of counsel.

In his motion for counsel, Mr. Reed also claims that his indigent and incarcerated status will prevent him from conducting discovery in this matter which will greatly harm his ability to prepare for trial. Doc. 36. The Court does not agree. Plaintiff, like many indigent *pro se* litigants, has many discovery tools at his disposal much less expensive than depositions. As evidenced by the docket, Mr. Reed is perfectly able to draft interrogatories, request for production of documents, and requests for admission for defendants.

Based on the above, it cannot be said, at least at this point, that Mr. Reed will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with Mr. Reed's apparent ability to litigate this action, weigh against the appointment of counsel at this point. Consequently, Mr. Reed's third request for counsel will be denied without prejudice. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Mr. Reed. An appropriate Order follows.

**AND NOW**, this **15th** day of **November, 2010**, it is ordered that Mr. Reed's third Motion for Appointment of Counsel (doc. 36) is denied without prejudice.

    **/s/ A. Richard Caputo**
    **A. RICHARD CAPUTO**
    **United States District Judge**